UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASIA R. MORGAN, | ) | Case No. 1:11 CV 53 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| TARGET CORPORATION, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant | ) | AND ORDER |

Before the Court is *pro se* plaintiff Asia R. Morgan's above-captioned *in forma pauperis* action against defendant Target Corporation. Ms. Morgan alleges the defendant failed to provide her training because of her race, in violation of Title VII, 42 U.S.C. §2000e. She seeks damages in the amount of $250,000.00.

On May 19, 2011, Target filed a Motion to Dismiss based on Ms. Morgan's failure to timely perfect service of process pursuant to Federal Civil Rule 4(m). For the reasons set forth below, the complaint is dismissed without prejudice and Target's Motion to Dismiss is denied as moot.

*Background*

The Complaint is a single paragraph in length. Ms. Morgan alleges she consistently requested training for her work center at Target Store 2228. Target allegedly delayed or denied every one of her requests. Ms. Morgan claims her Caucasian co-workers, however, were scheduled and received training. There are no other facts alleged in the Complaint. Further, it is not clear

whether Ms. Morgan is still employed with Target. Attached to the Complaint is a Notice of Right to Sue from the Equal Employment Opportunity Commission (E.E.O.C.), dated October 6, 2010. The E.E.O.C. was unable to conclude any statutory violation based on the information it obtained.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

*Failure to State a Claim*

Liberally construing Ms. Morgan's allegations in her favor and granting her the benefit of all inferences to be derived from the facts alleged, the Court finds her complaint fails to state a claim under Title VII. First, she has failed to state a claim for discrimination based on disparate treatment. Absent direct evidence of discrimination, Ms. Morgan must show; (1) that she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job. *Burke–Fowler v. Orange County*, 447 F.3d

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

1319, 1323 (11th Cir. 2006) (citing *EEOC v. Joe's Stone Crab Inc.*, 220 F.3d 1263, 1286 (11th Cir.2000)).

The Court is aware that, at this stage, Ms. Morgan is not required to plead her discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513–14(2002). Nevertheless, the Supreme Court later clarified that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 550 U.S. ——, 129 S.Ct. 1937, 1949 (2009) ("[A] complaint will [not] suffice if it tenders 'naked assertions devoid of further factual enhancement.'" (quoting *Twombly.*, 550 U.S at 557)). Recently, the Sixth Circuit explored the scope of *Twombly* and *Iqbal* noting that "even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor v. Lousiville Tractor, et al.*, No.10-5100, ---F.3d---(6th Cir. June 21, 2011)(quoting *Twombly*, 550 U.S. at 555.)

Ms. Mason's complaint never rises above the speculative level. The Court is left to guess her race, whether she was qualified for the position she held, or, most important, whether she suffered an adverse employment action as a result of Target's alleged discrimination. This is not sufficient to cross the threshold of basic pleading requirements in federal court. *See* FED. CIV. R. 8 (complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)(legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences). While Rule 8 does not require "detailed factual allegations," it does demand more than an unadorned, the-defendant-unlawfully-harmed-me

accusation. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286(1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557. Without more than a conclusory statement suggesting the possibility of discrimination, Ms. Morgan's complaint fails to state a federal claim for relief.

*Conclusion*

Accordingly, Ms. Morgan's application to proceed *in forma pauperis* is granted and this action is **dismissed** without prejudice under section 1915(e). Target Corporation's Motion to Dismiss for Failure to Timely Effect Service (Dkt.#3) is denied as **moot**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 29, 2011

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.